FILED

CLERK, U.S. DISTRICT COURT

6/2/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

U.S. District Court, Central District of California

**Christina Aufderheide-Wright, 12 Victor PKWY, Annapolis, MD 21403**
Plaintiff,

v.

**Jeff Small, Amblin Entertainment,** 100 Universal City Plaza, Building 5121
Universal City, CA 91608
Defendants.

Case No.   **2:26**-cv-06081-MWF-Ex

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND COMPLAINT FOR COPYRIGHT INFRINGEMENT

## INTRODUCTION

1. Plaintiff Christina Aufderheide-Wright is the author of the 2006 book *Secrets of the Seventh Kingdom* with registered copyright number TX0006347757.
2. Plaintiff alleges that Defendants have produced and are preparing to release the motion picture *Disclosure Day*.
3. Plaintiff alleges that the motion picture contains elements substantially similar to protected expressive elements contained in Plaintiff's book, protected expressive elements relating to her person and life and the reputation of her unique nature.
4. Plaintiff seeks emergency injunctive relief to preserve the status quo pending adjudication of her claims.

## PARTIES

5. Plaintiff Christina Aufderheide-Wright is an individual residing in Annapolis, Maryland.
6. Defendants are individuals and entities responsible for the production, financing, distribution, marketing, and release of the motion picture.

## JURISDICTION AND VENUE

7. This action arises under the federal copyright laws of the United States, including 17 U.S.C. § 101 et seq.
8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

## FACTUAL ALLEGATIONS

9. Plaintiff authored *Secrets of the Seventh Kingdom* in 2006 and claims ownership of protectable copyrighted material contained therein.
10. Plaintiff alleges that the book was publicly available prior to the development and release of the motion picture.
11. Plaintiff alleges similarities between her work and the motion picture, including but not limited to:

a. A female television anchor/reporter protagonist associated with television journalism identical to actress, same age, hair and eye color and scientifically proven use of voice to activate phenomena.

b. Themes involving alleged non-human intelligences and government knowledge thereof;

c. Similar visual motifs allegedly involving eye-like entities; and phenomena related to human eyes. Animals responding to phenomema. Scientists reacting to phenomena. Scientifically provien disclosure of phenomena living among us and how they can be communicated with.

d. Alleged use of television, art, symbols, wavelengths, radio, books and media as a means of communication or disclosure concerning such entities;

e. Additional similarities to be identified through discovery.

12. Plaintiff alleges that Defendants had access to Plaintiff's works and incorporated protected elements into the motion picture without authorization.

## COUNT I – COPYRIGHT INFRINGEMENT

13. Plaintiff incorporates the preceding paragraphs.
14. Plaintiff alleges ownership of valid copyright interests in her work.
15. Plaintiff alleges that Defendants copied original, protectable elements of Plaintiff's work.
16. Plaintiff alleges that the similarities exceed general ideas and extend to protected expression.
17. Plaintiff has suffered damages as a result.

## REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

18. Plaintiff alleges a likelihood of success on the merits.
19. Plaintiff alleges irreparable harm absent injunctive relief.
20. Plaintiff alleges that monetary damages alone would be inadequate.
21. Plaintiff alleges that the balance of equities favors injunctive relief.
22. Plaintiff requests an order temporarily restraining and preliminarily enjoining the release, distribution, promotion, and commercialization of the motion picture pending final adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Temporary restraining order;

B. Preliminary injunction;

C. Permanent injunction;

D. Actual damages according to proof;

E. Any statutory damages available under applicable copyright law if legally available;

F. Defendants' profits attributable to any proven infringement to the extent allowed by law;

G. Costs and attorney's fees where authorized by law;

H. Such other and further relief as the Court deems proper.

I. Damages for emotional distress caused by defamation of plaintiff's character as a National award winning CBS television anchor and reporter, documentary producer, print journalist and gender-bias as a female agent of phenomena/painful misogyny portrayed in the movie, damages for defamation of intelligent non-human lifeforms she represents in her book Secrets of the Seventh Kingdom caused by demonization of such life forms and the severe harm such demonization causes globally from the movie trailers' generating hysteria and buildup for the movie release.

Respectfully submitted,

_____

Christina Aufderheide-Wright
Plaintiff, Pro Se

Date: June 1, 2026